## STATE v. C. J. GILLASPIE.

### No. A-1408. Opinion Filed July 17, 1915.

1. PRINCIPAL AND AGENT—Loan Companies—Debt Against Borrower—Embezzlement. A trial court should not sustain a demurrer and discharge a defendant from prosecution unless there is absolutely no evidence tending to establish the commission of the crime, or unless the evidence discloses a lack of jurisdiction.

    (a) An agent for a loan company who has closed a loan under instructions of his principal and drawn a draft for the amount due on the loan for the purpose of paying the same to the borrower, and who applies the proceeds to his own use instead of to the account of the borrower, is guilty of embezzlement.

    (b) An agent for a loan company who advances his own money to a borrower has no interest in the proceeds of a draft drawn to pay the loan.

2. SAME — Appropriation by Agent — Payment to Borrower. An agent for a loan company who draws a draft to pay out a loan, cannot be heard to say that the money was not to be paid the borrower, for the reason that a portion of the same was to be applied to pay off liens on the borrower's land, in order to perfect

his title. The money is applied as much for his benefit in liqui-dation of the lien, as if paid to him in cash and by him applied to the liquidation of the lien.

(a)   When money is procured by one as the agent of another upon the representation and based upon the understanding that such money is to be applied for a specific purpose, for the bene-fit of the principal, but instead, the agent diverts the money to his own use, he is subject to punishment under the embezzlement act.

(b)   It is as much embezzlement for one to procure funds for a specific purpose, through the ordinary course of business, by drawing a draft through a bank and securing credit for the amount or face of the draft, and then fraudulently appropriating same to his own use, to the injury of the person upon whom the draft was drawn, as in any other manner.

(Syllabus by the Court.)

*Appeal. from District Court, Greer County;*
*G. A. Brown, Judge.*

Appeal by the state from a legal question reserved at the trial in the case of State of Oklahoma v. C. J. Gillaspie, charged with embezzlement.   Reversed.

*H. D. Henry,* Co. Atty. of Greer county, (*Warren K. Sny-der,* of counsel), for plaintiff in error.

*S. B. Garrett,* for defendant in error.

ARMSTRONG, P. J.   This is an appeal by the state of Oklahoma from a judgment rendered by the district court of Greer county in favor of C. J. Gillaspie, defendant in error, in a cause pending in that court wherein said Gillaspie was prose-cuted by the state on a charge of embezzlement, it having been ordered by said district court of Greer county that said Gillaspie be discharged from prosecution on the ground that the testimony introduced on behalf of the state at the trial was not sufficient to show a violation of law under the information filed against him.

The information upon which the prosecution was based is as follows:

"In the name and by the authority of the state of Oklahoma comes now H. D. Henry, the duly elected, qualified, and acting county attorney of Greer county, state of Oklahoma, and in be-half of, and in the name of, the state of Oklahoma, presents in

and to the district court of said Greer county, at the July, 1910, term of said court, that theretofore, to wit, on or about March 9, A. D. 1910, in the county of Greer and state of Oklahoma, the said defendant, C. J. Gillaspie, being then and there the trustee and agent of Thorne Brothers, a co-partnership composed of W. F. Thorne and E. C. Thorne, the said defendant, C. J. Gillaspie, not being then and there an apprentice or person under the age of eighteen years, did then and there, by virtue of his said agency and employment, receive and take into his possession, as such agent and trustee of said Thorne Brothers, from said Thorne Brothers, certain money and bank notes, the same then and there being good and lawful money of the United States, the exact size and denomination of which is unknown, of the amount and value of five hundred fifty ($550.00) dollars, same being the money and property of the said W. F. Thorne and E. C. Thorne, as such co-partnership, doing business as Thorne Brothers, the said employers of the said C. J. Gillaspie, the said money being so entrusted by the said Thorne Brothers to the said defendant, C. J. Gillaspie, for the purpose of being paid to one Holly, whose given or full name is unknown, for and on account of certain notes and evidence of indebtedness secured upon real estate which the said defendant, C. J. Gillaspie, represented that he would procure, payable to said Thorne Brothers, and the said money was so furnished by said Thorne Brothers, to the said defendant, C. J. Gillaspie, for the purpose of being applied in payment to said Holly for and on account of said loan in said sum of five hundred fifty dollars.

"That the said C. J. Gillaspie, then and there, on or about the 9th day of March, A. D. 1910, in said county of Greer and state of Oklahoma, the said money amounting to and of the value of $550, good and lawful money of the United States, consisting of various sizes and denominations unknown, the same then and there being the property of said Thorne Brothers, a co-partnership composed of W. F. Thorne and E. C. Thorne, the said money so by him, the defendant, had, received and possessed, he, the said defendant, C. J. Gillaspie, did then and there, willfully, unlawfully, felonious and fraudulently, embezzle and appropriate to his own use the said $550 with felonious and fraudulent intent to then and there deprive the true owners, W. F. Thorne and E. C. Thorne, doing business as Thorne Borthers, of the use thereof, and that the said appropriation was without the consent of the said employers, W. F. Thorne and E. C. Thorne, or either of them.

"Whereby, and by force of the statute in such cases made and provided, the said defendant, C. J. Gillaspie, did feloniously and fraudulently appropriate said money to a use and purpose not in the due and lawful execution of his said trust, and thereby did deprive the owners, W. F. Thorne and E. C. Thorne, doing business as Thorne Brothers, of the use thereof, with fraudulent and felonious intent aforesaid, and did thereby commit the crime of embezzlement, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

It appears from the evidence in the record that C. J. Gillaspie was the agent at Mangum for Thorne Brothers, a partnership composed of E. C. Thorne and W. F. Thorne, which partnership was doing a general farm loan business in Oklahoma. That the general offices of said Thorne Brothers were in Oklahoma City. That Gillaspie negotiated a loan on a farm belonging to Richard H. Holly for $800. That there were certain liens on said farm which had to be satisfied out of the proceeds of this loan. That on the 7th day of March, 1910, Gillaspie drew a draft on Thorne Brothers, Oklahoma City, for $550. On the 8th day of March, Gillaspie wrote a letter to Thorne Brothers, advising them that he had made the draft. The language of this letter is as follows: "I made draft on you yesterday to pay out on the Holly loan, $550. Yours truly, C. J. Gillaspie." The draft was duly presented to Thorne Brothers, and by them paid. It appears that Gillaspie had paid $146.50 to Holly and had agreed to pay the mortgage against the land for $400 held by one Powers. That instead of paying Powers, he kept the $400 himself, and appropriated it to his own use. Some months later, Thorne Brothers paid the Powers mortgage off. This mortgage was probably payable to one Armbruster, but held by Powers for collection or by assignment.

At the close of the testimony on behalf of the state, counsel for the accused demurred to the evidence, which demurrer is as follows:

"Comes now the defendant and moves the court to instruct the jury to return a verdict for the defendant and find him not

guilty of the charge, because the proof is insufficient to establish that he has embezzled any money of Thorne Brothers in the county of Greer, in the state of Oklahoma.

And for the further reason that the proof shows that the draft that was drawn for $550 upon Thorne Brothers by the defendant was not for money to be paid by him to Holly, as alleged in the information, but was for money that went to Armbruster or Judge J. A. Powers to apply on the Armbruster paper, and $146.50 of said $550 draft belonged to the defendant, who had advanced the same on the Holly loan to said Holly, and that he can not be prosecuted for embezzlement of his own money or of money that he was interested in.

"And for the further reason that he never received any money on said draft, but only a credit in the bank, being the First National Bank of Mangum, as shown by the proof, and that he never drew any drafts or checks against said credits or did any act that showed that he appropriated said money, but said money was afterwards charged to his account with said bank by the officers of said bank without any instructions of the defendant so to do."

The court sustained this demurrer and discharged the defendant from custody on this charge. In this we think the trial court was in error. The draft that was drawn by defendant in error was the usual and customary form of sight draft commonly used in the ordinary course of business. It was paid by the money of Thorne Brothers without doubt. The proceeds, o: amount thereof, was applied to the use and benefit of defendant in error and no one else. The fact that defendant in error had advanced to Holly $146.50 did not give him an interest in the proceeds of the draft. He simply had an account against Holly for the advancement and not against Thorne Brothers. It could not be reasonably maintained that the advancement made b defendant in error to Holly, made as it was, without the know, edge and consent of Thorne Brothers, could have been collected by defendant in error from Thorne Brothers, if for any reaso. the loan had not been finally closed by them.

The fact that $400 of the money was to be applied on a mortgage held by Powers makes no difference. The debt held by Powers was a debt of Holly's, which had to be paid out of

the loan in order to relieve the land from incumbrance. The facts disclosed by the record indicate clearly that the defendant in error received these funds in trust, to be paid to Holly, or on Holly's debts, at his direction, and by agreement with him.

The relationship between defendant in error and Holly, and between defendant in error and Powers, is not material; neither were the advancements made by defendant in error to Holly, or promises he had made to Powers, material. When he made a draft upon Thorne Brothers and received the proceeds therefor, which proceeds were applied to his use and benefit, and were not applied to the purpose for which they were transmitted, he became an embezzler. The fact that he never drew any checks on the Mangum National Bank after he made the draft on Thorne Brothers makes no difference. He had an account with that bank, and at the time of the drawing of the draft, according to the proof in the record, was indebted to the said bank, and the proceeds of this draft were applied on said indebtedness or absorbed on an overdraft he then had against his account with it. It is as much embezzlement to fraudulently procure funds in this manner as any other.

We are of opinion that the testimony was not only sufficient to warrant the court in submitting the cause to the jury by proper instructions, but clearly establishes absolute guilt of this charge. The judgment is therefore reversed.

DOYLE and FURMAN, JJ., concur.